UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JILL PICKARD,

    Plaintiff,

v.                                      CASE No. 8:04-CV-2777-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security does not adequately address the opinion of a treating physician, it will be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was forty-eight years old at the time of the most recent administrative hearing and who has the equivalent of a high school education, has worked in a production line building boats, in loss

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 11).

prevention and retail sales at department stores, and as a department manager and customer service clerk at Wal-Mart (Tr. 465, 604). She filed a claim for Social Security disability benefits, alleging that she became disabled due to asthma and allergies (Tr. 58).[2]

Previously, the plaintiff was awarded benefits, which commenced on March 23, 1997 (Tr. 17), on the ground that she met, or equaled, listing 3.03 of Appendix 1 relating to asthma (Tr. 343). In 2002, her disability was re-evaluated to determine if her asthma had improved (Tr. 347-82). It was concluded that, as of June 1, 2002, the plaintiff was no longer disabled because her "health has improved since [the Social Security Administration] last reviewed [her] case" (Tr. 352, 359). This determination was upheld upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has a severe impairment of asthma (Tr. 19). He concluded that this impairment

---

[2]The plaintiff alleges in the complaint that there was also an application for supplemental security income payments (Doc. 1). However, the only application in the record is one for disability benefits. Moreover, although there were a couple of isolated references to a claim for supplemental security income (Tr. 362, 371), the decisions of both law judges considered only a claim for disability benefits (Tr. 16, 340). Thus, it appears that a claim for disability benefits is the only claim that the plaintiff has filed.

limited the plaintiff to medium levels of work with the restrictions of avoiding work in poorly ventilated areas and concentrated exposure to smoke, odors, gases, fumes and noxious dust and other noxious pollutants (Tr. 22). Based upon the testimony of a vocational expert, the law judge decided that the plaintiff could return to past relevant work as an assembler in a production line, security guard, retail salesperson, and customer service clerk (Tr. 22). The plaintiff was therefore found to be not disabled as of June 1, 2002 (Tr. 22). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant

is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy

itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff does not argue that the law judge failed to use the proper analysis for considering an issue of cessation of benefits, and does not assert that the law judge erred in finding that the plaintiff's condition has improved. Essentially, she contends that the law judge erred in finding that the plaintiff could return to past work. In this respect, the plaintiff makes three related arguments that focus upon the plaintiff's environmental limitations.

The plaintiff's primary argument is that the law judge erred in not giving proper credit to the opinion of her treating pulmonologist, Dr. Thomas P. Hooker (Doc. 18-1, pp. 7-19). Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not doing so. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

>Dr. Hooker wrote (Tr. 507):
>
>>Jill Pickard has Chronic Reactionary Asthma. This is a condition that will not go away. Mrs. Pickard has been able to keep her asthma under control by routinely taking a regiment [sic] of medications and making changes in her lifestyle, such as not going out during days of high ozone or pollen count, removing the carpeting and drapes in her home, installing special filtration systems and staying away from strong odors such as perfumes, colons [sic] and cleaning solutions.
>>Some other things that can trigger a sever[e] allergic reaction are[ ] dust, mold, smoke and exhaust fumes. She has to be aware of her surroundings and avoid these things at all times and due to a lower immune system she must avoid contact with people with contagious respi[ra]tory infections.

The law judge stated that he gave significant weight to Dr. Hooker's opinion (Tr. 22). However, in his decision the law judge disregarded portions of the doctor's opinion without providing reasons for doing so.

As indicated, Dr. Hooker said that the plaintiff "has been able to keep her asthma under control by routinely taking a regiment [sic] of medications and making changes in her lifestyle, such as not going out during days of high ozone or pollen count, removing the carpeting and drapes in her home, installing special filtration systems and staying away from strong odors

such as perfumes, [colognes] and cleaning solutions" (Tr. 507). Dr. Hooker also opined that the plaintiff must avoid at all times allergen triggers of dust, mold, smoke, exhaust fumes and avoid people with contagious respiratory infections (id.). The law judge seemingly accepted Dr. Hooker's opinion that the plaintiff "is able to keep her asthma under control with medication and with avoidance of triggers" (Tr. 22).

However, the law judge in determining the plaintiff's residual functional capacity did not find that the plaintiff must avoid allergen triggers at all times, but only that she must avoid concentrated exposures to them (id.). The medical direction to avoid allergens at all times is certainly not the same as avoiding concentrated exposures to them. On this point, the vocational expert testified that concentrated exposure meant to him that "a large quantity of exposure [is] involved" (Tr. 625). Therefore, the law judge obviously discounted Dr. Hooker's opinion that the plaintiff must avoid the specified allergens at all times.

Since Dr. Hooker is a treating specialist, the law judge could not discount his opinion without showing good cause for doing so. See, e.g., Broughton v. Heckler, 776 F.2d 960 (11th Cir. 1985). Moreover, the law judge "must clearly articulate the reasons for giving less weight to the opinion of a

treating physician, and the failure to do so is reversible error." <u>Lewis</u> v. <u>Callahan</u>, 125 F.3d 1436, 1440 (11th Cir. 1997).  These well-established principles were violated here when the law judge did not accept Dr. Hooker's opinion that the plaintiff should avoid allergen triggers at all times and gave no explanation in the decision for not accepting it.  The failure, as indicated, constitutes reversible error.

It is recognized that two nonexamining, reviewing physicians concluded that the plaintiff must avoid concentrated exposure to "fumes, odors, dusts, gases, poor ventilation, etc." (Tr. 501, 581).  However, the opinions of nonexamining physicians are entitled to little weight when they are contrary to the opinion of a treating physician. <u>Sharfarz</u> v. <u>Bowen</u>, 825 F.2d 278 (11th Cir. 1987).  Consequently, those opinions cannot support the law judge's decision, absent a cogent explanation for discounting Dr. Hooker's opinion regarding avoidance of allergen triggers at all times.

Contrary to the plaintiff's argument, the error in this case does not support an award of benefits.  On remand, the law judge (or Appeals Council) could find that the plaintiff's activities, which include trips to North Carolina, Hawaii and Illinois, show that Dr. Hooker's opinion to avoid all allergen triggers is overstated.  Moreover, the analysis here ended at the

inquiry regarding return to prior work, and arguably the plaintiff, even if precluded from returning to prior work, could be found at the next step of the analysis to be able to perform other work that exists in the national economy.

The plaintiff, as indicated, has raised two additional related issues. The challenge to the law judge's credibility determination is appropriately pretermitted since there is likely to be a new credibility assessment on remand. Further, the challenge to the hypothetical question to the vocational expert depends upon the validity of a restriction to avoid concentrated exposure to allergen triggers and thus does not raise any distinct issue warranting discussion.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby REVERSED and the matter REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this <u>15th</u> day of March, 2006.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE